## CULBERTSON v. ABBEVILLE COUNTY.

1. BRIDGES—HIGHWAYS—COUNTIES.—Criminal Code, 438, and Code, 1902, 1418, prohibiting stopping an animal or carriage on a bridge, applies to bridges built by the county under general law.

2. HIGHWAYS—BRIDGES—COUNTIES—CHARGE.—REQUEST to the effect
that if the county in an action against it for damages for negligence
in repairing a bridge sets up the act of God as the cause of the
injury, it must establish it by the burden of proof, is properly
charged by charging it in connection with the instruction that
plaintiff must first show that the injury was caused by the county's
negligence or mismanagement, and that plaintiff did not contribute
thereto.

Before KLUGH, J., Abbeville, February term, 1904. Affirmed.

Action by E. B. Culbertson against Abbeville County. From judgment for defendant, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: Code of 1902, 1347; Crim. Code, 438; 6 Stat., 302; Gen. Stat., 1882, 1112; Rev. Stat., 1893, 1223; Code, 1902, 1418; 68 S. C., 148; 67 S. C., 312.

*Mr. Frank B. Gary,* contra, cites: Crim. Code, 438, 437; 67 S. C., *State* v. *McDaniel.*

February 16, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The plaintiff brought this action against Abbeville County for damages alleged to have been sustained by him by reason of a defect in a bridge caused by the neglect and mismanagement of the county, and now appeals from the judgment rendered in favor of defendant.

The complaint alleged: "That on the 16th day of February, 1903, while plaintiff was driving his horse, which was hitched to his buggy, along the public highway leading from Irwin's Mill, in Abbeville County, to Honea Path, in Anderson County, plaintiff drove on the bridge over Broad Mouth Creek, in Abbeville County, when said bridge collapsed, carrying down plaintiff's horse and buggy, killing said horse and ruining said buggy, to the actual damage of plaintiff in the sum of $175," with other necessary allegations of his cause of action.

One of the defenses was, "That at the time mentioned in the said complaint, the plaintiff was not using the bridge for the purpose for which it was intended, but drove upon said bridge and remained there a considerable time, for the purpose of being sheltered from a terrific and unusual storm which was raging. That while so using said bridge, the terrible and unusual storm caused the said bridge to blow down. That the collapse of said bridge was caused by the terrific and unusual storm which was raging, against which precaution and foresight on the part of defendant could not guard."

With respect to the issue whether plaintiff was making an improper use of the bridge at the time of its collapse, the Court charged the jury, "That the statute law of South Carolina prohibits any person having charge of any carriage, animal or other thing from causing or permitting it to stop on any bridge more than ten feet long constructed by the authority of the legislature. Now, my attention has been called to the fact that that was originally a private act, relating to charter bridges, toll-bridges. Whether that is the original construction put upon the act, or not, the legislature has removed any doubt by incorporating it in the General Statutes of the State, under the head of 'Provisions for establishing and repairing highways.' A highway is a public way, not a private way, and a bridge is a part of the highway. And my construction of it, as the act now stands, is that it is a public act, and relates not only to toll-bridges, but any bridge over ten feet long on a public highway."

This charge was made upon sec. 438, Criminal Code, 1902, and sec. 1418, Civil Code, 1902. Sec. 438 provides as follows: "No person shall drive, lead or, having charge thereof, shall permit any carriage, animal or other thing to travel over or on any bridge more than ten feet long, now constructed or hereafter to be constructed by the authority of the legislature, in a gait faster than a walk, nor shall any person having charge of any carriage, animal or thing, cause

or permit it to stop on any such bridge, and every person so offending against this provision shall, on conviction thereof before any magistrate of the county, pay a fine not exceeding $10 nor less than $5." Sec. 1418 is in the same language with this clause added: "And shall be further liable for all damages occasioned by said offense."

Appellant in his exception makes the point that this charge was error, because the statute in question, properly construed, refers only to private toll-bridges. The bridge in question is on one of the main highways of Abbeville County, is over ten feet long, is not a toll-bridge and was built by the county. Conceding that similar legislation was had in reference to private toll-bridges in the act of 1827, 6 Stat., 302, the foregoing statutes quoted were so enacted as to apply to any bridge more than ten feet long on a highway constructed by the authority of the legislature. As other statutes impose upon the county authorities jurisdiction over highways, with power to construct bridges thereon, any bridge constructed under such general authority is constructed by authority of the legislature as fully as if it had been constructed under a special statute. The legislature doubtless considered that a provision found useful with respect to private toll-bridges would be salutary with reference to any public bridge, in its preservation and in the diminution of the danger of injury to travelers by keeping the bridge as open and unobstructed as possible. It is undoubtedly true, in considering a statute of doubtful meaning, resort may be had to its origin or, indeed, to any helpful source. But in this case the meaning of the statute is clear on its face, and the charge concerning it was correct.

The remaining exception assigns error in modifying plaintiff's third request to charge, which was as follows: "That where a defendant sets up an affirmative defense, such as that the damage complained of was the act of God, then the burden of proving that defense is on defendant, and it must satisfy the jury that the injury was caused by the act of God, and that it was the sole cause,

before it could relieve itself on that ground." It is contended that this was a sound proposition of law as to the burden of proof, and that the modification which the Court made was confusing and misleading, amounting practically to a refusal of the request. In charging the plaintiff's request, the Court said: "I charge you that in connection with what I have already charged you. You must bear in mind what the Court has already said to you. If the plaintiff by his own act brought about the injury, or if by his negligence he contributed to the injury, no matter whether an act of God and the negligence of the county were involved in it or not, yet if the plaintiff by his own act negligently contributed to the injury, so it would not have occurred if he had not been negligent, he failed to observe proper care himself; and although the act of God and the negligence of the county might have contributed to the cause of the injury. Under these circumstances, he could not recover. I think it is a proper proposition, by modifying it to that extent."

It thus appears that the Court did not really modify the plaintiff's request, but charged it in connection with the rule as to the burden of proof resting on plaintiff in such an action as this. In the case of *McFail* v. *Barnwell,* 57 S. C., 302, 35 S. E., 562, construing the act now appearing as sec. 1347, under which this action is brought, the Court held that to maintain such action, the plaintiff must allege and prove not only that the injury was occasioned by the county's neglect or mismanagement, but also that plaintiff has not in any way brought about such injury by his own act or negligently contributed thereto. The effect of the charge was to place the burden of proof upon defendant only after plaintiff had made proof as required by the statute, as construed in *McFail* v. *Barnwell.* Appellant, therefore, has no just ground for complaint, because his request to charge, whether correct or not, was not refused but charged.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.